UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MELANIE FAIZER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:24-cv-190-TAV-DCP |
| | ) |
| TENNESSEE VALLEY AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

## SCHEDULING ORDER

    **1.**     **Introduction:** This Scheduling Order is being entered pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.1(a).

    **2.**     **Consent to Magistrate Judge:** The parties are reminded that United States magistrate judges in this District have authority pursuant to 28 U.S.C. § 636(c) to try civil cases, both jury and nonjury, upon consent of the parties.

    **3.**     **Mediation:**

        a)     **Federal Mediation Program:** The parties are advised of the availability of the Federal Mediation Program (*see* Local Rule 16.4) and shall consider utilization of the program.

        b)     **Mediation in Employment Discrimination Cases:** In every case involving employment discrimination, the parties shall <u>jointly</u> file a report indicating their respective positions regarding whether the dispute is a matter suitable for mediation, as defined by Local Rule 16.4, one hundred and fifty (150) days before trial.

    **4.**     **Disclosure and Discovery:**

        a)     **Fed. R. Civ. P. 26(f) Meeting:** The parties shall hold a discovery planning meeting as required by Fed. R. Civ. P. Rule 26(f) within fifteen (15) days of entry of this Order.

        b)     **Discovery Plan:** At the Rule 26(f) meeting, the parties shall, if they have not already done so, develop a discovery plan and file it with the

c) **Initial Disclosures:** At the Rule 26(f) meeting or within ten (10) days thereafter, the parties shall, if they have not already done so, make all disclosures required by Fed. R. Civ. P. 26(a)(1).

Court within ten (10) days after this meeting. This discovery plan shall conform to the provisions of Fed. R. Civ. P. 26(f).

c) **Initial Disclosures:** At the Rule 26(f) meeting or within ten (10) days thereafter, the parties shall, if they have not already done so, make all disclosures required by Fed. R. Civ. P. 26(a)(1).

d) **Electronic Discovery:** The parties shall confer regarding the manner and method of exchanging electronic discovery and seek the Court's assistance in the event an agreement cannot be reached.

e) **Expert Testimony:** Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made on or before one hundred and eighty (180) days before trial for plaintiff and one hundred and fifty (150) days before trial for defendant. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Fed. R. Civ. P. 26(a)(2)(B), such disclosure shall be made within thirty (30) days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1). In the event that either party wishes to challenge the relevance or the reliability of expert testimony, a motion for a Daubert hearing must be filed not later than one hundred and twenty (120) days before trial or they will be deemed waived.

f) **Evidence-Presentation Equipment:** If one or more of the parties desire to use the Court's Digital Evidence Presentation System (DEPS) for any hearing, notice must be given to the Court's courtroom deputy clerk, Ms. Julie Norwood (865) 329-4679, or at julie_norwood@tned.uscourts.gov at least five (5) working days before any hearing.

g) **Pretrial Disclosures:** On or before thirty (30) days before trial, the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (*see* No. 7(g) below).

h) **All Discovery:** All discovery, including the taking of depositions "for evidence," shall be completed by one hundred and twenty (120) days before trial. (Motions to compel must be filed at least thirty (30) days before this deadline).

    i)  **Discovery Disputes:** Discovery disputes shall be resolved in the following manner:

      (1)  Parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention;

      (2)  If the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by conference with the Magistrate Judge assigned to this case, who shall have the discretion to make findings and enter an order on the dispute; and

      (3)  If, and only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file appropriate written motions with the Court, which may be referred to the Magistrate Judge. Any written motions regarding discovery shall include a certification of compliance with steps one (1) and two (2) above as well as the written certification required by Fed. R. Civ. P. 37(a)(1), if applicable.

**5.**   **Status Report:** The parties shall **jointly** file on the day of the discovery deadline a status report covering the following matters:

    a)  Whether discovery has been completed;
    b)  If any dispositive motions are pending, whether oral argument would be beneficial to the Court and/or the parties, and, if so, explain the benefit;
    c)  Whether any party intends to file any further pretrial motions, including any motions *in limine*, and if so, the anticipated subject matter of such motions;
    d)  Whether the case is to be tried jury or non-jury and the anticipated length of trial;
    e)  The prospects for settlement of this matter, and whether the case has been or will be submitted for mediation pursuant to Local Rule 16.4; and
    f)  Any other matter which you believe should be brought to the Court's attention.

The status report shall **not** contain any requests that should be brought in the form of a motion before the Court.

3

Case 3:24-cv-00190-TAV-DCP  Document 12  Filed 06/14/24  Page 3 of 7  PageID #: 108

**6.     Pretrial Order:**  Unless counsel are otherwise directed by the Court, the following shall govern with regard to the pretrial order in this particular case.

Thirty (30) days before trial, an agreed pretrial order <u>shall be filed</u>.  The order shall contain the following recitals:

   a)   Jurisdiction.
   b)   That the pleadings are amended to conform to the pretrial order.
   c)   Short summary of plaintiff's theory.
   d)   Short summary of defendant's theory.
   e)   The issues to be submitted to the trial judge or jury.
   f)   Stipulations of fact.
   g)   Novel or unusual questions of law or evidence.
   h)   Estimated length of trial (in working days).
   i)   Possibility of settlement.
   j)   Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

Forty-five (45) days before trial (47 days if service by mail), plaintiff's counsel shall serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant.  Within five (5) working days after receipt thereof, opposing counsel shall furnish plaintiff's counsel with defendant's theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order.  The parties shall make diligent, good faith efforts to reconcile any differences promptly and without the necessity of the Court's intercession.  If the parties cannot agree on a pretrial order, plaintiff's counsel shall notify the undersigned's office at least thirty-one (31) days before trial that the parties have, in a face-to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order.  Thereafter, the undersigned may enter a pretrial order prior to or after the pretrial conference.  Proposed amendments to a pretrial order entered *ex parte* by a judge or magistrate judge may be sought by motion filed five (5) days following entry of the order.

Failure to file an agreed pretrial order or to notify the undersigned's office that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action. *See* Fed. R. Civ. P. 41(b).

**7.     Other Scheduling Matters:**

   a)   **Amendment of Pleadings/Joinder of Parties:** At least one hundred and fifty (150) days before trial all motions for leave to amend the pleadings and add parties must be filed.

4

b) **Dispositive Motions:** All dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible, but no later than one hundred and fifty (150) days before trial. The failure to timely file such motions will be grounds to summarily deny them.

c) **Motions *in Limine*:** All motions *in limine* must be filed no later than thirty (30) days before trial. Such motions *in limine* will be addressed by the Court at the final pretrial conference (*see* No. 8 below), unless the parties are notified otherwise by the Court.

d) **Special Requests to Instruct for Jury Trial:** Pursuant to Local Rule 51.1, special requests for jury instructions shall be submitted to the Court no later than thirty (30) days before trial and shall be supported by citations of authority pursuant to Local Rule 7.4.

e) **Proposed Findings of Fact and Conclusions of Law for Nonjury Trial:** The parties shall submit to the Court proposed findings of fact and conclusions of law, which shall be supported by citations of authority in accordance with Local Rule 52.1, no later than thirty (30) days before trial. Proposed findings of facts shall contain a jurisdictional statement, identify the parties, and set out the facts in chronological order the particular party intends to prove at trial. Conclusions of law should be concise with appropriate citations of authority pursuant to Local Rule 7.4.

f) **Exhibits:** All anticipated exhibits will be labeled and numbered prior to trial. **The parties are directed to confer prior to the final pretrial conference as to the authenticity and admissibility of exhibits and be prepared to discuss any objections at the pretrial conference**.

g) **Witness Lists:** Forty-five (45) days before trial, the parties shall file a final witness list covering the information specified in Fed. R. Civ. P. 26(a)(3). Within five (5) days after service of a final witness list, such list may be supplemented.

h) **Trial Briefs:** At least fifteen (15) days before trial, the parties must file trial briefs concerning any novel or unusual questions of law that have been highlighted in the pretrial order.

> i) **Use of Depositions at Trial:** In the event that a party files a timely objection under Fed. R. Civ. P. 26(a)(3)(B), and desires the Court to consider such objection to be in the nature of a motion *in limine*, such objection shall be accompanied by supporting brief. Should a hearing be directed by the Court regarding such motions *in limine*, the parties shall be notified of the date and time thereof. Counsel are reminded that objections not so disclosed, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived unless excused by the Court for good cause shown.

8. **Final Pretrial Conference:** A final pretrial conference will be held in Knoxville, Tennessee at the Howard H. Baker, Jr. United States Courthouse on **Tuesday, November 4, 2025, at 2:00 p.m.**

9. **Trial**: The trial of this case will be held in Knoxville, Tennessee at the Howard H. Baker, Jr. United States Courthouse before the undersigned **without a jury** beginning on **Wednesday, November 12, 2025, at 9:00 a.m.**[1]

> a) **Jury List:** The Clerk may provide counsel with a jury list containing names and personal information concerning prospective petit jurors (hereafter "the jury list"). Counsel and any other person provided with the jury list may not share the jury list or information therein except as necessary for purposes of jury selection. Following jury selection, counsel and any other person provided the jury list must return to the clerk the jury list and any copies made from the jury list or destroy them.
>
> b) **Courtroom Technology:** The U.S. District Court for the Eastern District of Tennessee uses the Jury Evidence Recording System (JERS) to capture evidence electronically during a trial. Admitted evidence will be released to the jury during deliberations unless the Court specifically directs otherwise, and the evidence can be played back by the jury in the deliberation room. To best facilitate presentation of evidence at trial and use of the JERS, the parties are STRONGLY ENCOURAGED to provide their exhibits to the courtroom deputy no later than ONE (1) WEEK before trial. The

---

[1] The demands of the Court's docket dictate that all civil cases be scheduled for trial in Knoxville, Tennessee. The Court will entertain motions to conduct trial in another division of this Court upon a showing of good cause by a party. Any such motions must be filed after the dispositive motions deadline but no later than thirty (30) days before the final pretrial conference, and the grant or denial of the same rests in the Court's sole discretion.

exhibits shall be the exhibits that were previously marked and numbered by the parties. The exhibits SHALL BE SUBMITTED IN ELECTRONIC FORMAT. It is preferred that the parties provide all electronic evidence files on USB drives, DVDs, or CDs.

At least five (5) days prior to the final pretrial conference, the parties must disclose to one another and the courtroom deputy, the technology they intend to use in the courtroom during the trial and how they intend to use it (*e.g.*, display equipment; data storage, retrieval, or presentation devices). This disclosure shall list (1) equipment they intend to bring into the courtroom to use, and (2) equipment supplied by the Court which the parties intend to use. Further, the parties shall confirm the compatibility/viability of their planned use of technology with the Court's equipment. General information on equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov). Specific questions about Court-supplied equipment should be directed to the presiding judge's courtroom deputy.

SHOULD THE SCHEDULED TRIAL DATE CHANGE FOR ANY REASON, THE OTHER DATES CONTAINED IN THIS ORDER SHALL REMAIN AS SCHEDULED. SHOULD THE PARTIES DESIRE A CHANGE IN ANY OF THE OTHER DATES, THEY SHOULD NOTIFY THE COURT AND SEEK AN ORDER CHANGING THOSE DATES.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE