**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | | |
|---|---|---|
| MELANIE FAIZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.:  3:24-cv-190-TAV-DCP |
| | ) | |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CARPENTER LLC, | ) | |
| Movant/Proposed Intervenor. | ) | |

**BRIEF IN SUPPORT OF**
**MOTION TO INTERVENE**
<u>**OF CARPENTER CREEK LLC**</u>

Proposed intervenor Carpenter Creek LLC ("Carpenter") seeks to intervene in Melanie Faizer's ("Faizer") appeal of the Tennessee Valley Authority's ("TVA") decision to withhold sensitive commercial information received from Carpenter under Exemption 4 to the Freedom of Information Act ("FOIA").

## INTRODUCTION AND BACKGROUND

Faizer seeks unredacted copies of six agreements between Carpenter and TVA (the "Challenged Records") containing sensitive commercial information disclosed under assurance of privacy. Carpenter intervenes to tell the court how the information at issue fits within Exemptions 4 and 6, which protects from disclosure all "trade secrets and commercial or financial information obtained from a person and privileged or confidential."." 5 U.S.C. § 552(b)(4)

Specifically, Carpenter is a cryptocurrency mining company and the contracts at issue contain sensitive anticipated electricity usage, investment, and cost data information that Carpenter shared with the TVA. This is highly sensitive competitive information that Carpenter's keeps secret, and which its business counterparties, competitors, and other industry participants would find highly valuable.

Carpenter can intervene as of right under Federal Rule of Civil Procedure 24(a) because: (1) Carpenter's motion is timely; (2) Carpenter has a direct, substantial legal interest in this action because it specifically concerns Carpenter's confidential information; (3) Carpenter's ability to protect its legal interest will be impaired if it is not allowed to intervene; and (4) Carpenter's and TVA's interests and duties are not the same, meaning that TVA cannot adequately represent Carpenter's interests.

Alternatively, if the Court finds that Carpenter cannot intervene as of right, it should permit intervention under Federal Rule of Civil Procedure 24(b), given the commonality of

1

issues of both law and fact between Carpenter's and TVA's defenses to disclosure, as well as the absence of undue (or any real) delay or prejudice to the parties.

<u>ARGUMENT</u>

I.    **Carpenter is Entitled to Intervene as of Right.**

Federal Rule of Civil Procedure 24(a) directs that a "court must permit anyone to intervene who," on a "timely" motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The Sixth Circuit has interpreted the rule as having the following elements: (1) the proposed intervenor timely moves to intervene; (2) the proposed intervenor has a substantial legal interest relating to the case's subject matter; (3) without intervention, the proposed intervenor's ability to protect that interest may be impaired; and (4) existing parties may not adequately represent the proposed intervenor's interests. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999). The Sixth Circuit has instructed courts to construe these elements "broadly in favor of the applicants." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1246 (6th Cir. 1997) (citation omitted). As detailed below, Carpenter satisfies each element.

A.    **Carpenter's Motion Is Timely.**

Courts evaluate timeliness of intervention based on all relevant circumstances, including: "(1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his or her interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence

2

of unusual circumstances militating against or in favor of intervention." *United States v. City of Detroit*, 712 F.3d 925, 930- 31 (6th Cir. 2013) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345-46 (6th Cir. 1989)).

Factor 1 favors timeliness. This FOIA lawsuit is in its infancy. Faizer filed her complaint on April 25, 2024 and the first Scheduling Order was entered on June 14, 2024. ECF Nos. 1, 12. In their July 8, 2024 Rule 26(f) Report, the parties indicated that they expected Carpenter to intervene, and jointly "propose[d] that the Court set a July 31, 2024 deadline" for such intervention. ECF No. 21, at 3. Under such circumstances, this motion is "timely as a matter of law." *Mich. State AFL-CIO*, l03 F.3d at 1245 (finding a motion to intervene timely where "the case was obviously in its initial stage"); *Friends of Tims Ford v. Tenn. Valley Auth.*, 2007 WL 9723139, at *4 (E.D. Tenn. July 5, 2007) (finding a motion to intervene "timely filed" when filed one week after the court entered a scheduling order and "before significant discovery could begin in this case").

Factors 2 and 3 favors timeliness as well, the purpose for which Carpenter seeks intervention is to protect its own rights and interests in connection with the information at issue in this FOIA action and did not "wait and see" but is rather intervening before any substantive litigation has taken place. *City of Detroit*, 712 F.3d, at 931 (analyzing whether a party knew of its interest being impacted and adopted a proactive or "wait and see" attitude).

Factors 4 and 5 favor timeliness, too, because Carpenter has moved promptly to protect its interests and no prejudice to the original parties exists. Indeed, the parties indicated that "neither discovery nor the initial disclosures required by Rule 26(a)(1) are necessary in this case" nor would there be trial. ECF No. 21, at 2-3. Accordingly, Carpenter's own explanation of the

importance of its information and why it should remain confidential would be uniquely probative of the applicability of FOIA Exemption 4.

**B. Carpenter Has A Direct, Substantial Legal Interest In The Case.**

For the second element to intervene as of right, the Sixth Circuit interprets "substantial legal interest" broadly, having "noted that an intervenor need not have the same standing necessary to initiate a lawsuit," and having "cited with approval decisions of other courts' reject[ing] the notion that Rule 24(a)(2) requires a specific legal or equitable interest."' *Mich. State AFL-CIO*, 103 F.3d at 1245 (*quoting Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991)). A proposed intervenor must merely show that it has "a substantial interest in the subject matter of this litigation." *Grutter*, 188 F.3d at 398.

Carpenter has "a substantial interest in the subject matter of this litigation" because Carpenter's confidential commercial information is the subject matter of this litigation. Faizer's complaint is based on her FOIA request for "all correspondence and communications between Carpenter LLC (Bitdeer) and TVA related to Carpenter's participation in TVA's Economic Development Initiative;" and "all available documents and communications demonstrating how TVA verified Bitdeer's claim that it would repurpose underutilized industrial infrastructure to create jobs." Compl. ¶ 7 (ECF No. 1).

TVA produced partially redacted versions of its agreements with Carpenter under Exemption 4. In response to Faizer's administrative appeals of its redactions, TVA affirmed its application of Exemption 4 and also asserted that the redactions were additionally justified under Exemptions 5 and 6. *See* ECF No. 1-8 (Compl. Ex. D, TVA 2023 Response to FOIA request); ECF No. 1-12 (Compl. Ex. H, Third Denial).

Faizer now challenges whether the redacted information qualifies for protection under these exemptions. Compl. ¶ 21 (ECF No. 1). Specifically, Faizer has asked the Court to issue "a

4

declaration that Ms. Faizer is entitled to disclosure of the Challenged Records without redactions" and "order the TVA to provide unredacted copies of the Challenged Records, or copies with only those redactions the Court deems proper." Compl. at 8 (ECF No. 1).

Carpenter's confidential information being the subject of a FOIA-based complaint easily satisfies the "substantial interest" element. *See, e.g., 100Reporters LLC v. US Dep'tof Just.,* 307 F.R.D. 269, 275 (D.D.C. 2014) (an interest in "preventing the disclosure of commercially-sensitive and confidential information is a well-established interest sufficient to justify intervention under Rule 24(a).") (citing *Pub. Citizen Health Rsch. Gip. v. FDA*, 185 F.3d 898, 900 (D.C. Cir. 1999)); *Appleton v. Food & Drug Admin.*, 310 F. Supp. 2d 194, 197 (D.D.C. 2004) (holding "legal interest" element satisfied where plaintiffs sought an "application ... that allegedly contains trade secrets and confidential information").

### C. Disposing of this action without Carpenter's intervention will impair its ability to protect its interest.

For the third element to intervene as of right, the Sixth Circuit has set the "minimal" requirement that "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Mich. State AFL-CJO*, 103 F.3d at 1247. Carpenter meets this minimal burden.

As courts have held: "[o]ne [] consequence that frequently qualifies as impairment is when the disclosure of materials following the disposition of a FOIA action could impair the applicants' ability to protect their trade secrets or confidential information." *100Reporters*, 307 F.R.D. at 279 (*quoting Appleton*, 310 F. Supp. 2d at 197). "Indeed, impairment appears especially obvious in FOIA litigation because if the plaintiff succeeds, the public release of the requested materials is both imminent and irreversible." *Id*. "Once records are released, nothing in FOIA prevents the requester from disclosing the information to anyone else. The statute contains

5

no provisions requiring confidentiality agreements or similar conditions." *Swan v. SEC*, 96 F.3d 498, 500 (D.C. Cir. 1996).

Carpenter has a substantial interest in protecting its confidential commercial information. This interest would be completely and irreversibly impaired if intervention is denied and the information is publicly disclosed without Carpenter's involvement.

### D. TVA Cannot Adequately Represent Carpenter's Interest.

For the fourth element to intervene as of right, the Sixth Circuit has also set a "minimal" burden. *Linton ex rel. Arnold v. Comm'r of Health and Env't*, 973 F.2d 1311, 1319 (6th Cir. 1992); *accord Mich. State AFL-CIO,* 103 F.3d at 1247; *see also Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) ("This burden ... is not onerous."). Indeed, "it is sufficient that the movant[] prove[s] that representation may be inadequate." *Linton ex rel. Arnold*, 973 F.2d at 1319 (*citing Trbovich v. UMWA*, 404 U.S. 528,539 (1972)). "One is not required to show that the representation will in fact be inadequate." *Mich. State AFL-CIO*, 103 F.3d at 1247.

"At least where commercial or financial information is both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy, the information is 'confidential' within the meaning of Exemption 4." *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019). Here, the TVA is not in the business of cryptocurrency mining and does not know why Carpenter's confidential information should be kept secret from competitors. Nor does it know how Carpenter customarily treats the information at issue. Only Carpenter can adequately explain to the Court how it "customarily and actually" treats the information at issue "as private." As such, without Carpenter being allowed to intervene, Carpenter's interest in protecting its confidential information from disclosure will not be adequately represented.

In the FOIA context, the government's involvement and general agreement with Carpenter do not make it more capable of representing a private party's interest. "Although the intervenor and the government entity involved in the litigation frequently may agree on a legal position or course of action, ... governmental entities do not adequately represent the interests of aspiring intervenors." *100Reporters*, 307 F.R.D. at 279 (*quoting Fundfor Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003)); *cf Grutter*, 188 F.3d at 400 (noting that the Sixth Circuit "has declined to endorse a higher standard for inadequacy when a governmental entity [is] involved"). This "is primarily because the government entity's overarching 'obligation is to represent the interests of the American people,' while the intervenor's obligation is to represent its own interests." *100Reporters*, 307 F.R.D. at 279 (*quoting Fund for Animals*, 322 F.3d at 736). "The divergence of interests, moreover, is especially evident in FOIA litigation, where ... the plaintiff's interest lies in disclosure, the government entity's interest lies in responding appropriately to the plaintiff's request, and the intervenor's interest lies in protecting [its] trade secrets and confidential information." *Id*. at 279-80 (*quoting Appleton*, 310 F. Supp. 2d at 197). For example, a government entity in FOIA litigation "remains free to change its strategy during the course of litigation" and if that were to occur, it would be too late for a proposed intervenor to respond to a change in the government's strategy, "such as a decision to release a specific category of materials." *Id*. at 280.

Therefore, TVA and Carpenter, even if they agree on a position, possess different interests stemming from the very nature of FOIA litigation, and Carpenter's interest in this litigation would not be adequately represented without its intervention.

## II. Alternatively, this Court Should Grant Permissive Intervention.

The Sixth Circuit has observed that, even if a court denies a party's motion under Rule 24(a), the court can, and in some cases should, grant permissive intervention under Rule 24(b).

7

*See Purnell*, 925 F.2d at 950 ("Even if intervention as a matter of right is not appropriate in this case, we believe that ... the district court should have granted permissive intervention ....").

In the Sixth Circuit, permissive intervention requires the proposed intervenor establish that (1) it "has a claim or defense that shares with the main action a common question of law or fact," and that (2) its intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 760 (6th Cir. 2013) (citation omitted). Carpenter satisfies both requirements.

### A. Carpenter has a defense that shares with the main action common questions of both law and fact.

As to permissive intervention's first element, just "one common question of law or fact" suffices. *Mich. State AFL-CIO*, 103 F.3d at 1248. Carpenter's defense presents common questions of both law and fact, as seen in the proposed answer filed with this brief as Exhibit A.

At least one overlapping legal issue: Carpenter asserts that Exemption 4 protects its "confidential" "commercial or financial" information from disclosure under FOIA. *See* Ex. A hereto. This legal basis is at issue in Faizer's Complaint, and is asserted by TVA in its answer and prior FOIA correspondence. Compl. Ex. E (ECF No. 1-9) (Second Appeal), at 2-3, 6; Ex. H (ECF No. 1-12) (Third Denial), at 3-4; *see generally* Compl. (ECF No. 1) ¶¶ 5, 9-10, 12, 16, 21; Answer (ECF No. 16) ¶¶ 3, 4-5, 8-9, 10, 12, 16, 21, Compl. Ex. B (ECF No. 1-6) (First Denial), at 2; Ex. C (ECF No. 1-7) (First Appeal), at 2; Ex. D (ECF No. 1-8) (Second Denial), at 2.

At least one overlapping fact: Carpenter asserts that its confidential information withheld by TVA was in fact "obtained from a person," as required for protection under Exemption 4. 5 U.S.C. § 552(b)(4). *See* Ex. A hereto. This question of fact was also raised by Faizer in its complaint and by TVA in its answer. Compl. Ex. E (ECF No. 1-9) (Second Appeal), at 5-6; Ex. H (ECF No. 1-12) (Third Denial), at 4; *see generally* Compl. (ECF No. 1) ¶¶ 5, 9-10, 12, 16, 21;

Answer (ECF No. 16) ¶¶ 3, 4-5, 8-9, 10, 12, 16, 21, Compl. Ex. B (ECF No. 1-6) (First Denial), at 2; Ex. C (ECF No. 1-7) (First Appeal), at 2; Ex. D (ECF No. 1-8) (Second Denial), at 2.

Accordingly, Carpenter's defense shares questions of both law and fact with the main action, as seen in the proposed answer.

### B. Carpenter's Timely Intervention Will Not Delay Or Prejudice The Adjudication Of The Original Parties' Rights.

As to permissive intervention's second element, Carpenter's involvement in the case will not delay or prejudice the original parties at all. For the reasons explained above, Carpenter's motion to intervene is timely. *Supra* Part I.A. Given that Parties do not anticipate discovery and expect this action to be resolved via cross motions for summary judgment without a trial, Carpenter's intervention will not delay this case's resolution either. *See United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (finding undue delay likely where party seeking intervention would "prolong[] discovery" by "inject[ing] management and regulatory issues into the current phase of the proceedings").

Carpenter's intervention will also not prejudice the parties at all, let alone to an excessive degree. *See Mich. State AFL-CIO*, 103 F.3d at 1248 (noting courts must consider "whether intervention would result in ... excessive prejudice"). The nature of FOIA cases support Carpenter's intervention as helping, rather than prejudicing the parties. Among other things, "[d]iscovery is generally unavailable in FOIA actions," and cases are usually resolved on summary judgment supplied by affidavits. *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003); *see Mil. Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) ("it is now well established that summary judgment on the basis of such agency affidavits is warranted" in certain circumstances). Further, for FOIA cases, the "proper approach ... is to allow all interested parties to present their arguments in a single case at the same time, especially when the

9

intervenors have timely moved to join this litigation at such a nascent stage." *100Reporters*, 307 F.R.D. at 286.

Accordingly, Carpenter's intervention in the case will not cause any prejudice to the original parties.

## III.    CONCLUSION

For these above reasons, Carpenter is entitled to intervene under Rule 26(a), or should be permitted to do so pursuant to Rule 26(b).

DATED:      July 30, 2024
                      Seattle, Washington

**MORROW NI LLP**

Angus F. Ni, Esq. (*Pro hac vice*)
Lawrence Yichu Yuan, Esq. (*Pro hac vice*)
502 Second Avenue, 14th Floor
Seattle, WA 98104
Tel: (773) 453-3223
Email: angus@moni.law
              lawrence@moni.law

*Attorney for Movant/Proposed Intervenor Carpenter LLC*

10

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically through the Court's ECF system on the date shown in the document's ECF footer. Notice of this filing will be sent by operation of the Court's ECF system to all parties as indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

*s/Lawrence Yichu Yuan*
Attorney for Movant/Proposed Intervenor
Carpenter LLC

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

MELANIE FAIZER,                          )
                                         )
            Plaintiff,                   )
v.                                       )        No.:  3:24-cv-190-TAV-DCP
                                         )
TENNESSEE VALLEY AUTHORITY,              )
            Defendant,                   )
                                         )
      and                                )
                                         )
CARPENTER CREEK LLC,                     )
            Intervenor.                  )

## CARPENTER CREEK LLC 'S ANSWER

Pursuant to the Federal Rules of Civil Procedure and 5 U.S.C. § 552(a)(4)(C), Intervenor

Carpenter Creek LLC ("Carpenter") answers Plaintiff Melanie Faizer's ("Plaintiff") Complaint

(Doc. 1) as set forth below. The numbered paragraphs of this Answer correspond to the numbered

paragraphs of the Complaint,[1] and the headings of Plaintiff's Complaint are included for

organization only. In doing so, Carpenter does not waive any defensive theory or agree to or admit

that Plaintiff's headings are accurate, appropriate, or substantiated.

### FIRST DEFENSE

Carpenter responds to the numbered and unnumbered paragraphs of the Complaint as

follows:

---

[1] Plaintiff organized its allegations in two sets with the same numerical order for the first 14
numbers. The first set of allegations numbered 1 through 14 are on pages 1 to 3 of the
Complaint. (Doc. 1 at PageID##1-3.) The second set of allegations numbered 1 through 26 of the
Complaint are on pages 4 to 8 of the Complaint. (Doc. 1 at PageID##4-8.) Carpenter will use the
terms "first" and "second" to refer to which set when responding to the paragraphs numbered 1
through 14 from the Complaint.

1

1.     With respect to the allegations of the first Paragraph 1 of the Complaint, Carpenter admits that Plaintiff filed her Complaint citing the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), as amended. Carpenter denies that Plaintiff is entitled to the relief requested or to any relief. Except as expressly admitted, Carpenter denies the remaining allegations set forth in this first Paragraph 1 of the Complaint.

## PARTIES

2.     Upon information and belief, admitted.

3.     Paragraph 3 contains Plaintiff's legal characterizations and conclusions to which no response is required. To the extent a response is required, Carpenter admits that upon information and belief, TVA is an "agency" within the meaning of FOIA, 5 U.S.C. § 551(1) and that with regard to "records that [Plaintiff] seeks," Carpenter admits that Tennessee Valley Authority ("TVA") has possession of the six records identified as the "Challenged Records" in the second Paragraph 12 of the Complaint, which TVA released with redactions pursuant to FOIA exemptions 4, 5, and 6 in response to Plaintiff's FOIA request. Except as expressly admitted, Carpenter denies the remaining allegations set forth in the first Paragraph 3 of the Complaint.

4.     Upon information and belief, admitted.

## JURISDICTION AND VENUE

5.     The allegations of the first paragraph 5 are admitted, except that to the extent Plaintiff is relying on the Declaratory Judgment Act as the basis for her request for declaratory relief, Carpenter denies that this Court has jurisdiction under 28 U.S.C. § 2201 because "[t]he Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction." *Heydon v. MediaOne of Se. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003).

6.     Admitted.

## FACTS

7.      Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first Paragraph 7 of the Complaint, and therefore denies the same.

8.      Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first Paragraph 8 of the Complaint and therefore denies the same.

9.      Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first Paragraph 9 of the Complaint and therefore denies the same.

10.     Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first Paragraph 10 of the Complaint, and therefore denies the same.

11.     Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first Paragraph 11 of the Complaint, and therefore denies the same.

12.     Carpenter admits that Bitdeer has a facility in Knoxville, Tennessee, which employs around 20 individuals. Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the remaining allegations of the first Paragraph 12 of the Complaint and therefore denies the same.

13.     Carpenter admits that TVA and Carpenter Creek, LLC, have entered into agreements that are the subject of the "Challenged Records." Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the

matters asserted in the remaining allegations of the first Paragraph 13 of the Complaint regarding Bitdeer and therefore denies the same.

14. Carpenter admits that Plaintiff accurately quotes, in part, from *Perrusquia v. Tennessee Valley Auth.*, No. 3:22-CV-309, 2023 WL 6303013, at \*6 (E.D. Tenn. Sept. 27, 2023), but Carpenter avers that decision must be read in context of the entire statutory framework and case law interpreting FOIA. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first Paragraph 14 of the Complaint, and therefore denies the same.

## PLAINTIFF'S FOIA REQUEST

1. Upon information and belief, admitted.

2. Carpenter admits that a copy of the acknowledgement referred to in the second Paragraph 2 of the Complaint was attached as Exhibit A to the Complaint. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 2 of the Complaint, and therefore denies the same.

3. Carpenter admits that a copy of the Request referred to in the second Paragraph 3 of the Complaint was attached as Exhibit B to the Complaint, and that TVA's response speaks for itself and is the best evidence of its contents. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 3 of the Complaint, and therefore denies the same.

4. Carpenter admits that TVA's response speaks for itself and is the best evidence of its contents. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 4 of the Complaint, and therefore denies the same.

4

5.     Carpenter admits that TVA's response speaks for itself and is the best evidence of its contents. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 5 of the Complaint, and therefore denies the same.

6.     Carpenter admits that a copy of the First Appeal referred to in the second Paragraph 6 of the Complaint was attached as Exhibit C to the Complaint. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 6 of the Complaint, and therefore denies the same.

7.     Carpenter admits that the document referred to in the second Paragraph 7 of the Complaint speaks for itself and is the best evidence of its contents. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 7 of the Complaint, and therefore denies the same.

8.     Carpenter admits that a copy of the Second Denial referred to in the second Paragraph 8 of the Complaint was attached as Exhibit D to the Complaint. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 8 of the Complaint, and therefore denies the same.

9.     Carpenter admits that TVA's response speaks for itself and is the best evidence of its contents. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 9 of the Complaint, and therefore denies the same.

10.     Carpenter admits that TVA's response speaks for itself and is the best evidence of its contents. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 10 of the Complaint, and therefore denies the same.

5

11.     Carpenter admits that a copy of the Second Appeal referred to in the second Paragraph 11 of the Complaint was attached as Exhibit E to the Complaint. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 11 of the Complaint, and therefore denies the same.

12.     Carpenter admits that the document referred to in the second Paragraph 12 of the Complaint speaks for itself and is the best evidence of its contents. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 12 of the Complaint, and therefore denies the same.

13.     Carpenter admits that a copy of the communication referred to in the second Paragraph 13 of the Complaint was attached as Exhibit F to the Complaint, and that the communication speaks for itself. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 13 of the Complaint, and therefore denies the same.

14.     Carpenter admits that a copy of the communication referred to in the second Paragraph 14 of the Complaint was attached as Exhibit G to the Complaint, and that the communication speaks for itself. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 14 of the Complaint, and therefore denies the same.

15.     Carpenter admits that a copy of the Third Denial referred to in Paragraph 15 of the Complaint was attached as Exhibit H to the Complaint, and that the communication speaks for itself. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 15 of the Complaint, and therefore denies the same.

16.     Carpenter admits that the document referred to in the second Paragraph 16 of the Complaint speaks for itself and is the best evidence of its contents. Except as expressly admitted, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second Paragraph 16 of the Complaint, and therefore denies the same.

## CAUSE OF ACTION

## VIOLATION OF FOIA FOR WRONGFUL WITHHOLDING OF AGENCY RECORDS

17.     In response to paragraph 17 of the Complaint, Carpenter incorporates its answer to the first set of Paragraphs 1-14 and the second set of Paragraphs 1-16 as if set forth fully here in this numbered paragraph.

18.     Paragraph 18 contains Plaintiff's legal characterizations and conclusions to which no response is required. To the extent a response is required, Carpenter admits that TVA is an "agency" within the meaning of FOIA, 5 U.S.C. § 551(1).

19.     Although Paragraph 19 of the Complaint repeats in part the allegations in the first Paragraph 19 of the Complaint, Carpenter incorporates by reference its response to the first Paragraph 3 of the Complaint. Furthermore, Carpenter specifically denies the characterization that Plaintiff's FOIA request is proper.

20.     Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the Paragraph 20 of the Complaint, and therefore denies the same.

21.     Denied.

22.     Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters alleged and, on that basis, denies the remaining allegations contained in Paragraph 22.

23.     Denied.

24.     Denied.

25.     Paragraph 25 contains Plaintiff's legal characterizations and conclusions to which no response is required. To the extent a response is required, Carpenter admits that Plaintiff has cited a federal regulation addressing FOIA procedures for TVA. With regard to the remaining allegations, Carpenter is without knowledge or information sufficient to form a belief as to the truth of the matters alleged and, on that basis, denies the remaining allegations contained in Paragraph 25.

26.     Denied.

<b>REQUEST FOR RELIEF</b>

With respect to the Plaintiff's request for relief, Carpenter denies that Plaintiff is entitled to any relief, including the relief sought in the Complaint, and that if the Court were to determine that Plaintiff is entitled to any relief, which Carpenter denies, Plaintiff would be entitled only to the relief provided for by FOIA.

All allegations of the Complaint not heretofore admitted, qualified, explained, or denied are denied.

<b>AFFIRMATIVE AND OTHER DEFENSES</b>

<b>First Defense</b>

Plaintiff's claims are barred by Exemptions 4, 5 and 6 to the Freedom of Information Act.

<b>Second Defense</b>

Plaintiff's claims are barred to the extent that Plaintiff lacks standing to pursue them.

<b>Third Defense</b>

Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust administrative remedies.

### Fourth Defense

Plaintiff's claims are barred to the extent they are or become moot, and as to any such mooted claims, this case does not constitute a viable case or controversy.

### Fifth Defense

To the extent Plaintiff lacks standing to pursue some or all of her claims or some or all of Plaintiff's claims are barred by the doctrine of mootness, this Court lacks jurisdiction.

### Sixth Defense

In response to the FOIA request at issue in this action, Carpenter made a good faith effort to conduct an adequate and reasonable search for the requested records.

### Seventh Defense

In response to the FOIA request at issue in this action, TVA properly withheld agency records under 5 U.S.C. § 552.

### Eighth Defense

Plaintiff is not entitled to compel production of agency records which 5 U.S.C. § 552 authorizes TVA to withhold.

### Ninth Defense

Confidential commercial or financial information obtained by TVA from a person may be disclosed under FOIA only pursuant to the terms of 18 C.F.R. § 1301.8.

### Tenth Defense

In withholding information in response to the FOIA request at issue in this action, Carpenter reasonably foresaw that disclosure of the information would harm an interest protected by an exemption described in 5 U.S.C. § 552(b).

9

**Eleventh Defense**

The Trade Secrets Act, 18 U.S.C. § 1905, prohibits disclosure of trade secrets and other confidential commercial or financial information of an entity by officers or employees of departments and agencies of the United States.

**Twelfth Defense**

With respect to Plaintiff's request for costs and attorney fees, Plaintiff cannot demonstrate that she substantially prevailed within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii) and/or that her claim is "not insubstantial" within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii); nor can Plaintiff demonstrate that she is the prevailing party for purposes of Fed. R. Civ. P. 54(d) and/or Local Rule 54.2. Carpenter reserves the right to challenge Plaintiff's eligibility for, or entitlement to, such costs and attorney fees, as well as whether any such claimed costs and attorney fees are reasonable.

**Thirteenth Defense**

Carpenter relies on all defenses available to it, as may be applicable, including those set forth in Rule 8 of the Federal Rules of Civil Procedure, and Carpenter reserves the right to amend this Answer during the litigation of this matter should additional affirmative or other defenses become relevant.

WHEREFORE, Carpenter requests that the Court enter judgment in its favor and against Plaintiff, and award Carpenter its costs, attorney fees, and any other relief that the Court deems appropriate.

DATED:  July 30, 2024
        Seattle, Washington

                              Respectfully submitted,

                              MORROW NI LLP

                              _____

                              Angus F. Ni, Esq. (*Pro hac vice*)
                              Lawrence Yichu Yuan, Esq. (*Pro hac vice*)
                              502 Second Avenue, 14th Floor
                              Seattle, WA 98104
                              Tel: (773) 453-3223
                              Email: angus@moni.law
                                     lawrence@moni.law

                              *Attorneys for Intervenor Carpenter Creek LLC*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically through the Court's ECF system on the date shown in the document's ECF footer. Notice of this filing will be sent by operation of the Court's ECF system to all parties as indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

*s/Lawrence Yichu Yuan*
Attorney for Intervenor Carpenter Creek LLC
