UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MELANIE FAIZER,                        )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        No.:   3:24-CV-190-TAV-DCP
                                       )
TENNESSEE VALLEY AUTHORITY,            )
                                       )
            Defendant,                 )
                                       )
      and                              )
                                       )
CARPENTER CREEK LLC,                   )
                                       )
            Intervenor.                )

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Carpenter Creek LLC's ("Carpenter")

Motion to Intervene [Doc. 24]. Plaintiff filed a response in opposition [Doc. 25], and

Carpenter replied [Doc. 27]. Defendant filed a notice of non-opposition to Carpenter's

motion [Doc. 26]. For the reasons set forth below, the Court will **GRANT** Carpenter's

Motion to Intervene [Doc. 24] subject to the briefing schedule set forth below.

## I.    Background

This action arises from plaintiff's Freedom of Information Act ("FOIA") request

on April 12, 2023, seeking access to contracts between defendant and certain

cryptocurrency mining companies, including Carpenter [Doc. 1 ¶ 1].[1]  Plaintiff alleges

---

[1]  The Court notes that numbered paragraphs appear to restart at "1" on page four of
plaintiff's complaint [*Compare* Doc. 1, p. 1 *with id.* at 4], which the parties have acknowledged

that defendant violated the FOIA by improperly redacting certain portions of sought records [*Id.* ¶¶ 21–24]. Specifically, she argues in multiple administrative appeals and in her instant suit that defendant improperly redacted information pursuant to Exemptions 4, 5, and 6 of the FOIA [*see, e.g.*, Doc. 1-9]. *See* 5 U.S.C. §§ 552(b)(4)–(6). Plaintiff seeks an order compelling defendant to produce unredacted copies of the sought records, as well as declaratory relief and an award of attorney's fees [Doc. 1, p. 8].

Plaintiff filed suit on May 25, 2024, and defendant answered on May 31 [Docs. 1, 9]. On July 8, the parties indicated in a joint filing that they anticipated Carpenter would seek to intervene, requesting that the Court impose a deadline of July 31 for it to file an appropriate motion [Doc. 21, p. 3]. On July 30, Carpenter filed its motion [Doc. 24].

## II.     Standard of Review

Federal Rule of Civil Procedure 24(a)(2)[2] requires a court to permit a party to intervene on a timely motion where it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The United States Court of Appeals for the Sixth Circuit requires that proposed intervenors establish the following four factors to intervene as of right: "(1) the motion to intervene is timely; (2) the

[Doc. 21, p. 1 n.1]. Here, and in the citations that follow, the Court cites paragraphs beginning from "1" on page four.

2     Fed. R. Civ. P. 24(a)(1) separately mandates intervention where the proposed intervenor "is given an unconditional right to intervene by a federal statute." Although Carpenter's motion does not specify which provision it invokes [*see* Doc. 24], it does not appear to dispute plaintiff's identification of Rule 24(a)(2) [*see* Doc. 25, p. 3].

2

proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest." *Grainger v. Ottawa Cnty., Mich.*, 90 F.4th 507, 513 (6th Cir. 2024) (quoting *Coal. to Def. Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007)) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)). To prevail, the proposed intervenor "must satisfy all four elements of this standard." *Id*. (citing *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011)).

By contrast, Rule 24(b)(1)(B) permits the court to allow intervention where a party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Further, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Thus, a district court may exercise discretion to permit a timely motion for intervention by a party who has stated a common question of law or fact, and must, in exercising this discretion, 'balance undue delay and prejudice to the original parties.'" *Grainger*, 90 F.4th at 518 (quoting *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005)).

### III. Analysis

Carpenter moves to intervene as of right because (i) its motion was timely, (ii) it has a direct, substantial legal interest in the action, (iii) its ability to protect its legal interest will be impaired if it is not allowed to intervene, and (iv) its interests are not the

3

same as defendant's interests [Doc. 24, p. 2]. Alternatively, Carpenter moves for permissive intervention [*Id*.].

Plaintiff opposes Carpenter's motion, arguing that it has not sufficiently demonstrated the third prong; that is, Carpenter's interests are already adequately represented by defendant [Doc. 25, p. 3]. Plaintiff opposes Carpenter's alternative motion for permissive intervention, as well [*Id*. at 11]. If Carpenter prevails, however, she proposes limitations on Carpenter's participation in this litigation [*Id*. at 13–15].

Carpenter replies that it has satisfied the applicable threshold for showing inadequacy of representation [Doc. 27, p. 3]. In sum, with respect to intervention as of right, the parties appear to dispute only whether Carpenter has rebutted the presumption of adequate representation. Accordingly, the Court will begin its analysis with this prong, the resolution of which appears dispositive as to intervention as of right provided the other three prongs are satisfied. *See Grainger*, 90 F.4th at 513.

### a. Whether TVA Can Adequately Represent Carpenter's Interests

Carpenter argues that its interests cannot be adequately represented by defendant because "TVA is not in the business of cryptocurrency mining and does not know why Carpenter's confidential information should be kept secret from competitors" [Doc. 24, p. 7]. In support, it cites case law acknowledging the potentially divergent interests between a government entity and private companies in FOIA litigation [*Id*. at 8].

Plaintiff responds by contending that Carpenter and defendant share the same ultimate objective in this litigation; therefore, Carpenter has not overcome the

4

presumption of adequate representation [Doc. 25, p. 4]. She argues that the sole difference between the parties' interests is Carpenter's inability (as a non-governmental entity) to defend the application of Exemption 5 in addition to its defense of Exemption 4 [*Id*. at 5]. In support, she cites record evidence of these two parties coordinating their filings during the course of this litigation [*Id*. at 7]. Additionally, she cites Sixth Circuit case law in which district courts' denials of motions to intervene were upheld on grounds that intervention would yield only duplicative perspectives [*Id*. at 8–9].

In its Notice of Non-Opposition, defendant states that it "cannot adequately represent Carpenter's specific interests regarding confidential commercial information that Carpenter owns, nor can [it] adequately represent the harm to Carpenter from disclosure of such information" [Doc. 26, p. 2].

After defendant's filing, Carpenter replied by arguing that a government entity's conceded inability to represent a private party is dispositive within this Circuit [Doc. 27, p. 3]. Additionally, it contends, among other things, that its potential Exemption 4 arguments are distinguishable from defendant's because whereas defendant can describe whether certain records were provided to it in confidence, only Carpenter can describe how certain information is actually used and treated for its business purposes [*Id*. at 5].

"When, as here, the proposed intervenor and party to the suit currently share the 'same ultimate objective[,]' . . . a presumption of adequate representation arises." *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula, Mich*., 41 F.4th 767, 774 (6th Cir. 2022) (quoting *Michigan*, 424 F.3d at 443–44). A movant can overcome

5

that presumption by demonstrating that "representation of his interest '*may be*' inadequate; and the burden of making that showing should be treated as minimal." *Id*. (emphasis in original) (quoting *Trbovich v. United Mine Workers of Am*., 404 U.S. 528, 538 n.10 (1972)).

The Court finds that defendant cannot adequately represent the interests of Carpenter in this litigation. In reaching this finding, the Court is particularly persuaded by defendant's own statement that it "cannot adequately represent Carpenter's specific interests" [Doc. 26, p. 2], a concession that is entitled to a presumption of good faith in this context. *Wineries*, 41 F.4th at 775 ("We see no reason to second guess [the government's] concession."). Indeed, defendant's representations to the Court in its Notice [Doc. 26] appear more direct than the representation that supported intervention in *Wineries*. *See id*. (noting the government entity's "linger[ing] on its ability to represent the interests of [intervenor]"). Having determined that Carpenter satisfies the only disputed factor of Rule 24(a)(2), the Court now turns to the remaining factors to ensure that intervention as of right is warranted in this case.

### b. Whether Carpenter Satisfies the Remainder of Rule 24(a)(2)

The Court finds that Carpenter has satisfied the remaining requirements set forth in Rule 24(a)(2). Specifically, its motion was timely noticed [Doc. 21] and filed [Doc. 24]. It is also apparent that Carpenter has a substantial legal interest in the outcome of this litigation, as this Court has previously recognized in analogous cases. *See, e.g.*, *S. Env't L. Ctr. v. Tenn. Valley Auth*., 659 F. Supp. 3d 902, 906 (E.D. Tenn. 2023) (noting

6

that TVA's third-party contractors had intervened to argue regarding "confidential commercial or financial information the release of which would cause Intervenor-Defendants foreseeable harm."). And in the context of FOIA litigation involving a non-governmental party's confidential commercial information, "impairment appears especially obvious . . . because if the plaintiff succeeds, the public release of the requested materials is both imminent and irreversible." *100Reporters LLC v. U.S. Dep't of Just.*, 307 F.R.D. 269, 279 (D.D.C. 2014).

Having determined that Carpenter may intervene in this action as of right, it is unnecessary to consider the parties' remaining arguments regarding permissive intervention. Accordingly, Carpenter's Motion to Intervene [Doc. 24] is **GRANTED**.

## IV. Conclusion

For the reasons stated above, the Court **GRANTS** Carpenter's Motion to Intervene [Doc. 24]. As the United States Supreme Court has held, district courts "possess[] inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). Pursuant to this inherent authority, and in the interest of achieving "expeditious disposition" of this matter, intervenor **SHALL** file any dispositive motions and related briefing **within ten days** of defendant's filing of any dispositive motions and related briefing. In such filings, intervenor **SHALL** directly respond to the position(s) of defendant in its relevant briefing, stating whether and to

7

what extent it adopts defendant's position(s); and, if necessary, raising supplemental matters that are not otherwise raised by defendant's filings.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE